IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE, *by and through her Guardian,*     \*
*Individually*
                                             \*

    Plaintiff,
                                             \*

  v.                                           Civil Action No. 8:17-cv-03325-PX
                                             \*

MONTGOMERY COUNTY BOARD
OF EDUCATION, *et al.*,                 \*

    Defendants.                        \*
                                              \*\*\*

## MEMORANDUM OPINION AND ORDER

Pending before the Court are several motions to seal associated with Defendants' motions for summary judgment, ECF No. 129, 138, 145, 146, 150, 151, 153, and a motion to strike or for leave to file a surreply filed by Plaintiff Jane Doe, ECF No. 152. The Court now rules on these preliminary motions because no hearing is necessary. Loc R. 105.6. For the reasons stated below, the motions to seal are granted and Doe is granted leave to file a surreply.

**I.    Motions to Seal**

This Title IX case concerns sexual abuse that Doe, a minor, suffered at the hands of a former elementary school teacher with the Montgomery County Board of Education. Defendants, Chief Operating Officer Larry Bowers, Principal Melissa Brunson and the Board, have moved for summary judgment, ECF Nos. 131, 132, filed a related motion to strike, ECF No. 146, and moved to seal the entirety of their pleadings, ECF Nos. 129, 150. Doe has opposed the motions on the merits, ECF Nos. 139, 140, 153, and moved to seal her pleadings as well, ECF No. 138.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d

246, 265 (4th Cir. 2014). This right "derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post.*, 386 F.3d 567, 575 (4th Cir. 2004). Accordingly, the Court begins with the presumption that the public enjoys blanket right to access all judicial documents, rebutted only upon a showing that "countervailing interests heavily outweigh the public interests in access." *Doe*, 749 F.3d at 265–66 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *Va. Dept. of State Police*, 386 F.3d at 757.

To overcome the presumption of public access to Court documents, the movant must show that sealing "serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253. If such a showing is made, the Court must "give the public adequate notice" of sealing and an opportunity to object. *Id.* If the Court grants the motion to seal, it must then "state its reasons on the record supported by specific findings." *Id.* at 253–54; *accord Werner-Masuda*, 390 F. Supp. 2d at 484–85; *Padco Advisors, Inc. v. Omdahl*, 179 F. Supp. 2d 600, 614 (D. Md. 2002).

The Court will grant each of the pending motions to seal because of the need to protect Doe's privacy interests as a minor. Each of the motions delve into the deeply disturbing facts surrounding Doe's abuse she suffered as a child. Such information, as well as confidential education and health records, have been subject to a confidentiality order since December 2018. ECF No. 63 at 1–2. The Court finds that because the parties refer to and rely upon these facts throughout the briefs, no mechanism short of sealing will protect Doe's health and privacy interests. Accordingly, the motions to seal are granted.

## II. Motion to Strike or to File Surreply

Next, Doe asks the Court to either strike Defendants' reply or grant her leave to file a surreply to address new arguments and possible discovery violations. ECF No. 152. The Court

has reviewed the recent filings and notes that, contrary to the Board's representations in its motion for leave to file excess pages (ECF No. 145), the Board's response on behalf of Defendant Bowers and Brunson is repetitive and undisciplined; it could have easily fallen within the normal page limit had it been given a necessary edit. This pleading presents, in short, a cautionary tale for why the Court rarely allows leave to file excess pages.

Perhaps even more troubling is that the reply seemingly raises new arguments and provides affidavits that include new opinions from Defendants' experts not raised in discovery. Accordingly, the Court grants Plaintiffs request to file a surreply not to exceed **ten pages exclusive of exhibits** to address new arguments as well as any possible discovery violations. The Court, solely for the sake of streamlining this process, also grants the Board's motion for leave to file excess pages at ECF No. 145. The Court will **not** grant any further responsive pleadings on these matters.

### III. Conclusion

For the foregoing reasons, it is this 6th day of April 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. The motions to seal (ECF No. 129, 138, 148, 150, 151, 153) are GRANTED;
2. Plaintiff Jane Doe's Motion to Strike or for Leave to File Surreply (ECF No. 152) is GRANTED; within 21 days from the date of this Order, Doe shall file a Surreply not to exceed 10 pages exclusive of exhibits[1];
3. Defendant Montgomery County Board of Education's Motion to File Excess Pages (ECF No. 145) is GRANTED; and

---

[1] The Court is aware that COVID-19 has disrupted all aspects of law and life. To the extent Doe requires additional time to file the surreply safely and consistently with any state directives applicable to the parties or counsel, the Court intends to grant a liberal extension upon request.

4. The Clerk SHALL TRANSMIT copies of this Opinion and Order to the parties.

| | |
|---|---|
| 4/6/2020 | /s/ |
| Date | Paula Xinis<br>United States District Judge |